**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2009
_____

UNITED STATES OF AMERICA

v.

JULIO COLON,
a/k/a KEO

Julio Colon,
                    Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. No. 2-10-cr-00556-001)
District Judge: John R. Padova
_____

Submitted Under Third Circuit LAR 34.1(a)
July 16, 2013
_____

Before: RENDELL, SMITH, and SHWARTZ, <u>Circuit Judges</u>

(Filed: July 24, 2013)
_____

OPINION
_____

SHWARTZ, <u>Circuit Judge</u>

1

Defendant Julio Colon appeals five aspects of his conviction and sentence. For the reasons set forth herein, we will affirm.

## I.    Background[1]

On June 23, 2010, on the 3400 block of North Water Street in Philadelphia, Pennsylvania, a police officer observed Angel Feliciano and his brother Anthony engaged in hand-to-hand distribution of objects appearing to be drugs. The officer saw Colon arrive and speak to the Feliciano brothers, during which time the officer observed Anthony Feliciano conducting two additional sales and Angel Feliciano handing Colon a large sum of United States currency. Colon then used keys hanging from his neck to enter a house he owned at 3462 North Water Street. Thereafter, officers obtained and executed a search warrant for 3462 North Water Street and found fifty pounds of marijuana, four firearms, a digital scale, photos of Colon, and bills addressed to Colon at the 3462 North Water Street address.

On August 25, 2010, a grand jury indicted Colon, charging him with: (1) conspiracy to distribute marijuana; (2) possession of marijuana with intent to distribute; (3) possession of a firearm in furtherance of a drug trafficking crime; and (4) possession of a firearm by a convicted felon.

Before trial, Colon filed a motion to suppress evidence seized during the search of the 3462 North Water Street house, which the District Court denied. Colon proceeded to

_____

[1] As we write principally for the benefit of the parties, we recite only the essential facts and procedural history.

2

trial, and the jury convicted on all four counts. At sentencing, Colon objected to a two-level enhancement for having a leadership role and to his classification as an armed career criminal based upon four prior felony drug trafficking convictions. The District Court overruled Colon's objections and, based on Colon's classification as an armed career criminal and a career offender, determined that Colon's advisory guideline range was 360 months to life imprisonment. The District Court granted a variance based in part on the fact that Colon's four prior convictions occurred while he was a minor, though they were certified for adult prosecution, and sentenced Colon to 250 months' imprisonment.

Colon appeals his conviction and sentence. The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We exercise jurisdiction pursuant to 28 U.S.C. § 1291.

## II.    Discussion

### A.    Suppression

Colon argues that there was no probable cause to search the house at 3462 North Water Street and that the evidence recovered from the house should have been suppressed. The District Court found that the search warrant was supported by probable cause and denied the motion to suppress.

We review the denial of a motion to suppress for clear error as to the underlying factual findings and exercise plenary review of the application of the law to those facts. United States v. Bansal, 663 F.3d 634, 651-52 (3d Cir. 2011). Where, as here, "a district court, in reviewing a magistrate's determination of probable cause, bases its probable

3

cause ruling on facts contained in an affidavit, we exercise plenary review over the district court's decision." United States v. Conley, 4 F.3d 1200, 1204 (3d Cir. 1993). Thus, we must determine whether "the [issuing] judge had a substantial basis for concluding that probable cause existed to uphold the warrant." United States v. Whitner, 219 F.3d 289, 296 (3d Cir. 2000) (internal quotation marks and citations omitted).

Colon asserts that probable cause was absent because the affidavit contained no direct evidence that contraband would be found at 3462 North Water Street. However, "[d]irect evidence linking the residence to criminal activity is not required to establish probable cause." United States v. Burton, 288 F.3d 91, 103 (3d Cir. 2002) (citing United States v. Hodge, 246 F.3d 301, 305 (3d Cir. 2001)). Rather, the probable cause determination is based on the totality of the circumstances, see Illinois v. Gates, 462 U.S. 213, 238 (1983), which includes direct and circumstantial evidence and reasonable inferences that can be drawn therefrom. The affidavit submitted to the issuing judge avers that an informant had stated that Colon controlled a street level drug organization on the 3400 block of North Water Street and that he kept firearms inside of his property. The affidavit further avers that a police officer observed Colon collecting a large amount of cash from the Feliciano brothers, who had been selling drugs on North Water Street, and then using a key to enter 3462 North Water Street. These statements provide a substantial basis for the issuing judge to have concluded that there was a fair probability that Colon owned or controlled the house and that drugs, firearms, cash, or other evidence of drug crimes would be contained therein. See Whitner, 219 F.3d at 298 ("[A]

4

dealer logically could conclude that his residence is the best, and probably the only, location to store items such as records of illicit activity, phone books, address books, large amounts of cash, assets purchased with proceeds of drug transactions, guns to protect drugs and cash, and large quantities of drugs to be sold."). Thus, the District Court properly denied Colon's motion to suppress.

B. Sufficiency of the Evidence

Colon argues that the evidence at trial was insufficient to sustain his conviction because there was no direct evidence that he possessed drugs or firearms on his person.[2] Because Colon did not file a motion for a judgment of acquittal, we review this claim for plain error. United States v. Gordon, 290 F.3d 539, 547 (3d Cir. 2002). Plain error review consists of four steps, with the burden placed on the defendant at each step. See United States v. Duka, 671 F.3d 329, 354 (3d Cir. 2011). Colon must show that: (1) there was an error; (2) the error was clear or obvious; (3) the error affected his substantial rights; and (4) the error would affect the fairness, integrity or public reputation of judicial proceedings. Id. at 355. In the context of a sufficiency challenge, "[a] conviction based on insufficient evidence is plain error only if the verdict constitutes a fundamental

---

[2] Relying incorrectly on Pennsylvania state law, Colon also seems to raise the distinct argument that his conviction was against the weight of the evidence. Under federal law, a defendant may move for a new trial pursuant to Fed. R. Crim. P. 33 on the ground that the jury's verdict is contrary to the weight of the evidence. Because Colon did not file a motion for a new trial pursuant to Rule 33 in the District Court, his weight of the evidence argument is not properly raised on appeal. See United States v. Wright, 363 F.3d 237, 248 (3d Cir. 2004) (stating that "we need not reach the merits" of the defendant's Rule 33 argument where no motion for a new trial was filed in the district court because "a judge has no power to order a new trial on his own motion").

miscarriage of justice." United States v. Thayer, 201 F.3d 214, 219 (3d Cir. 1999) (internal quotation marks omitted). We apply a deferential standard when deciding if a jury verdict rests on sufficient evidence and we do not weigh the evidence or determine credibility of the witnesses. Bansal, 663 F.3d at 665. Rather, we "view the evidence in the light most favorable to the government and we will sustain the verdict if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. (internal quotation marks and citations omitted).

There was testimony at trial that the Feliciano brothers engaged in hand-to-hand sales of what appeared to be drugs near Colon's house, Colon arrived and engaged in conversation with the Feliciano brothers, Anthony Feliciano twice stepped away from the group to conduct additional sales in Colon's presence, and Angel Feliciano handed Colon a large sum of cash. There was further testimony that Colon then used keys hanging from his neck to enter 3462 North Water Street, which, unlike the other houses on the block, was fortified with a gate and surveillance cameras. Evidence from the search of his house included fifty pounds of marijuana in three large bags in the living room, four handguns, a digital scale, photographs of Colon, and bills addressed to Colon at 3462 North Water Street. There was testimony that the house had the "undeniable smell of marijuana," and that at the time of the search, Colon was the registered owner of the house. A detective qualified as an expert in narcotics distribution testified that the items found in the house were consistent with narcotics distribution, not personal use.

6

Although there was no evidence of Colon's actual possession of drugs or firearms, there was ample evidence of Colon's constructive possession. Constructive possession requires that "an individual knowingly has both the power and the intention at a given time to exercise dominion or control over a thing." United States v. Iafelice, 978 F.2d 92, 96 (3d Cir. 1992). Based upon his access to the house, the presence therein of items bearing his image and name, and real estate records, there was sufficient evidence from which a jury could find that Colon owned and controlled the house where the marijuana and firearms were found. There was also sufficient evidence, including expert testimony, for the jury to conclude that the house contained items associated with marijuana distribution, not personal use. The jury therefore could reasonably have concluded that Colon constructively possessed the marijuana with intent to distribute it. Furthermore, the presence of numerous firearms in proximity to the drugs in Colon's fortified house was a sufficient basis for the jury to find that Colon constructively possessed firearms in connection with the marijuana distribution. Moreover, Colon's interaction with the Feliciano brothers, who had been selling drugs outside the house containing the drugs and where Colon brought the cash received from one of the brothers provided sufficient evidence for the jury to find that he conspired with them to distribute marijuana. Accordingly, there was sufficient evidence of Colon's guilt on each count, and hence it was not plain error for the District Court to permit the jury to reach its verdict and let the verdict stand.

C.     Public Trial

Colon argues that his family was excluded from some portion of the jury selection process and that he was thereby deprived of his right to a public trial. The record, however, lacks any indication he raised his concern with the District Court, and we therefore review this challenge for plain error. Bansal, 663 F.3d at 661 (citing United States v. Albertson, 645 F.3d 191, 196 (3d Cir. 2011). As discussed above, plain error review requires Colon to demonstrate, among other things, that there was an error. Duka, 671 F.3d at 355.

Colon has presented no evidence to show there was any error. First, there is nothing in the record showing that anyone was deprived access to any part of the trial, including the jury selection process. Second, the jury selection procedures were transcribed and are publicly accessible, which weighs against any suggestion that Colon was deprived of a public trial. See Bansal, 663 F.3d at 661 (finding no deprivation of a public trial in part because "the entire jury selection process was transcribed and recorded; nothing was sealed or concealed from public view"). Colon has therefore failed to satisfy his burden to show that there was an error concerning public access to any part of his trial and hence has not demonstrated the deprivation of his right to a public trial.

D.    Criminal History Classification

Relying upon law interpreting inapplicable versions of the Sentencing Guidelines Manual, Colon argues that the District Court erred in counting his four prior drug convictions as separate offenses under the guidelines because the four offenses were

8

consolidated for the entry of pleas and for sentencing. Factual decisions regarding criminal history calculations are reviewed for clear error. United States v. Grier, 475 F.3d 556, 561 (3d Cir. 2007) (en banc) ("Under an advisory Guidelines scheme, district courts should continue to make factual findings by a preponderance of the evidence and courts of appeals should continue to review those findings for clear error."). Under clear error review, we affirm the District Court's decision unless "we are left with a definite and firm conviction that a mistake has been committed." United States v. Lessner, 498 F.3d 185, 199 (3d Cir. 2007).

The guideline applicable to Colon's prior drug sentences provides that "[p]rior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest . . . ." U.S.S.G. § 4A1.2(a)(2). Because Colon's prior convictions were undisputedly separated by intervening arrests, the District Court properly counted them separately to determine Colon's criminal history category and correctly applied the career offender and armed career criminal guidelines.

E.     Leadership Enhancement

Colon argues that his two-level leadership enhancement was unwarranted because the evidence did not show that he participated in any drug-for-money transactions. We review for clear error the District Court's determination as to whether the facts support application of a leadership enhancement. See United States v. Starnes, 583 F.3d 196, 217 (3d Cir. 2009) (applying clear error review to the sentencing court's analysis of whether the defendant was an "organizer" subject to a leadership enhancement under U.S.S.G.

§ 3B1.1); see also United States v. Richards, 674 F.3d 215, 221 & n.4 (3d Cir. 2012) (collecting cases).

It was not error for the District Court to determine that Colon was an organizer, leader, manager, or supervisor subject to a two-level enhancement under U.S.S.G. § 3B1.1(c). A manager or supervisor is defined as "one who exercises some degree of control over others involved in the offense." United States v. Chau, 293 F.3d 96, 103 (3d Cir. 2002) (citations omitted). The trial testimony showed that Colon collected a large amount of cash from the Feliciano brothers, who appeared to be selling drugs on the street near Colon's house at 3462 North Water Street, and that Colon then entered that house.[3] A subsequent search of Colon's house revealed fifty pounds of marijuana and a digital scale, tools he could use to supply the street-level dealers. It was therefore not clear error for the District Court to find that Colon exercised a degree of control over the Feliciano brothers by providing them with marijuana for street distribution and collecting the cash proceeds of their sales.

---

[3] Moreover, the search warrant affidavit and Presentence Report included information from an informant who told law enforcement that Colon controlled a street-level drug organization on the 3400 block of North Water Street. The District Court adopted the report "as constituting [its] findings of fact." A court may consider hearsay at sentencing, provided it has "sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A 1.3(a); see also United States v. Paulino, 996 F.2d 1541, 1547 (3d Cir. 1993). The District Court did not explicitly discuss the informant's identity or declarations, or evaluate whether they carried sufficient indicia of reliability. The record, however, shows that the information was corroborated by the officers' observations of Colon's activities with the Feliciano brothers and by the marijuana, scale, and firearms found in the house on the block the informant identified as where the drug organization was operating.

Colon relies exclusively on United States v. Belletiere, in which we held that where a defendant simply sells drugs to various unrelated buyers, "there is no 'organization' or 'scheme' between the drug seller and buyers, or between the buyers themselves, that the defendant could be said to have 'led' or 'organized.'" 971 F.2d 961, 970 (3d Cir. 1992). Here, the evidence did not show that the Feliciano brothers were drug buyers who randomly conversed with Colon, but rather showed they were street-level sellers responsible for turning the proceeds of their sales over to Colon. Colon therefore exercised the necessary control over the Feliciano brothers to warrant a leadership enhancement under U.S.S.G. § 3B1.1(c).

In addition, even if the two-level enhancement was improperly applied, such error would be harmless. "[A] non-constitutional error is harmless when it is highly probable that the error did not prejudice the defendant." United States v. Langford, 516 F.3d 205, 215 (3d Cir. 2008) (internal quotation marks and citations omitted). The two-level enhancement raised Colon's advisory guideline offense level from 24 to 26 with an advisory range of 120 to 150 months, but Colon's criminal history and offenses of conviction trumped this guideline level. See U.S.S.G. §§ 4B1.1, 4B1.4. Because Colon was convicted of qualifying offenses in this case and in the past, he was properly classified as a career offender pursuant to U.S.S.G. § 4B1.1, which resulted in an advisory guideline range of 360 months to life. Therefore, Colon was not prejudiced by application of the two-level enhancement as it had no bearing on the guideline range applicable to him.

### III. Conclusion

For the foregoing reasons, we will affirm Colon's conviction and sentence.